**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Kiarunn Bailey, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Case No. 24-cv-12736 |
| v. | ) | |
| | ) | Hon. Jorge L. Alonso |
| Brittany Greene, Warden, Western | ) | |
| Illinois Correctional Center, | ) | |
| | ) | |
| Respondent. | ) | |

**Memorandum Opinion and Order**

Petitioner Kiarunn Bailey, a prisoner at Western Illinois Correctional Center, brings this *pro se* habeas corpus action under 28 U.S.C. § 2254 to assert constitutional violations arising out of his guilty plea to a first-degree murder charge and related sentencing in the Circuit Court of Cook County, Criminal Division. Respondent Brittany Greene, the Warden of Western Illinois Correctional Center, has filed a motion to dismiss Bailey's petition as untimely. (ECF No. 10.) For the reasons stated below, the Court dismisses the petition with prejudice as untimely and declines to issue a certificate of appealability to Bailey.

**Background**

On March 19, 2018, Bailey pleaded guilty in the Circuit Court of Cook County, Criminal Division to first-degree murder. The conviction arose out of an incident that occurred when Bailey was only sixteen years old. The court entered an agreed sentence of 30 years. Bailey did not initially seek direct appellate review of his plea. On January 3, 2019, Bailey filed a petition for relief from judgment and post-conviction relief in the trial court. He filed a similar petition for post-conviction relief in the same court on February 4, 2019. The judge denied those petitions on May 8, 2019. Bailey sought no further relief until March 2021, when he moved the trial court for

leave to file a successive petition for post-conviction relief. Bailey subsequently filed multiple additional motions for various forms of post-conviction relief and related appeals, but no relief was granted.

On December 11, 2024, Bailey filed the instant habeas action, arguing that (1) Illinois' first-degree murder statute, 720 ILCS 5/9-(A)(1), in combination with its excluded jurisdiction statute, 705 ILCS 405/5-130(1)(a), is unconstitutional as applied to Bailey, and (2) his sentence deprives him of a meaningful opportunity for release. Respondent moves to dismiss the petition on the grounds that it is untimely. (ECF No. 10.)

## Discussion

For the reasons discussed below, the Court dismisses Bailey's petition with prejudice as untimely and declines to issue a certificate of appealability because a reasonable jurist would not disagree with the Court's conclusion on timeliness.

### I.      Bailey's Petition is Untimely

Respondent argues that Bailey's petition is untimely. Bailey argues that his petition is timely under either § 2244(d)(1)(D) or through equitable tolling. 28 U.S.C. § 2244(d) provides the limitations period for the filing of a § 2254 petition:

> (1) A 1-year limitation period shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially

recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

### A. Bailey's Petition is Not Subject to § 2244(d)(1)(D)

§ 2244(d)(1)(D) does not apply to Bailey's claims. Bailey argues that his claim regarding the excluded jurisdiction statute is timely because its amendment in 2023 serves as the factual predicate to his claim under § 2244(d)(1)(D). At the time that Bailey was charged, the excluded jurisdiction statute required those charged with committing certain crimes, including first-degree murder, at age 15 or older to be tried in adult criminal court. 705 ILCS 405/5-130(1)(a) (West 2013). The statute was amended in August 2023 to change the age to 16 years or older. 705 ILCS 405/5-130(1)(a) (West 2023).

The amendment to the excluded jurisdiction statute does not provide Bailey with a fresh limitations period because it is not a predicate to Bailey's claim. Bailey argues that the statute is unconstitutional as applied to him because the State was required to prosecute him as an adult without providing Bailey the ability to object to prosecution in adult court. (ECF No. 1 at 10.) He further contends that automatic transfer to adult court is improper and that a hearing is required to consider aggravating and mitigating factors before the decision is made to try a defendant in adult court. (*Id.* at 11.) However, as discussed above, sixteen-year-olds charged with first-degree murder, like Bailey, were required to be tried in adult criminal court under either version of the excluded jurisdiction statue. As such, the amendment did not alter Bailey's legal status and cannot

serve as a factual predicate for his claim under § 2244(d)(1)(D). *Lo v. Endicott*, 506 F.3d 572, 576 (7th Cir. 2007) (holding a change in state law that applied generally "was not a fact within [petitioner's] own litigation history that changed his legal status" and as such was not "a 'factual predicate' within the meaning of § 2244(d)(1)(D)").[1]

Bailey claims that his sentence deprives him of a meaningful opportunity for release, but this claim is untied to the amendment to the excluded jurisdiction statute and he identifies no new factual predicate that would justify the application of § 2244(d)(1)(D). His only argument is that his "claim that his sentence is unconstitutional because it deprives him of a meaningful opportunity for release is co-extensive to his [excluded jurisdiction] claim creating and manifesting a collaboration of one claim." (ECF No. 11 at 3.) In the absence of any factual predicate that Bailey could not have discovered with due diligence within one year of bringing this claim, he is not entitled to a fresh limitations period from § 2244(d)(1)(D).

### B. Bailey is not Entitled to Equitable Tolling

Bailey argues that equitable tolling applies to his petition for the same reason discussed above: the 2023 amendment to the excluded jurisdiction statute. "Equitable tolling is proper when extraordinary circumstances outside of the petitioner's control prevent timely filing of the habeas petition [and] is rarely granted." *Endicott*, 506 F.3d at 576. For the reasons discussed, equitable tolling is unavailable to Bailey because the change in statute was not necessary for Bailey to bring his claims, meaning that there was no bar to filing his petition within the limitations period. *Id.*

---

[1] Bailey's response to Respondent's motion to dismiss makes this clear: he specifically argues that the amendment "now only denies 16 and 17 year olds due process of law and equal protection of law by automatically transferring them to adult criminal court to be prosecuted as adults." (ECF No. 11 at 2.)

(explaining that the Seventh Circuit has "never held that a change in state substantive law constitutes an 'extraordinary circumstance' that warrants equitable tolling" and that allowing a petitioner to recast a § 2244(d)(1)(D) argument as one for equitable tolling would "usurp the congressionally mandated limits on habeas petitions"); *Jones v. Hulick,* 449 F.3d 784, 789 (7th Cir. 2006) ("Equitable tolling excuses an untimely filing when, despite exercising reasonable diligence, a petitioner could not have learned the information he needed in order to file on time."). And again, Bailey makes—and the Court can discern—no separate argument that equitable tolling should be applied to his claim concerning a meaningful opportunity for release.

### C. Bailey's Petition is Not Otherwise Timely Under § 2244(d)

Bailey does not argue that his petition is untimely under § 2244(d)(1)(A)-(C) or (d)(2), and the Court notes, for completeness, that this is for good reason. First, subsection (A) does not apply because Bailey's criminal judgment became final on April 18, 2018, upon the expiration of the 30 days allowed by Illinois Supreme Court Rule 604(d) to file a motion to reconsider the sentence or a motion to withdraw the plea and vacate the judgment, as he did neither. *Svedine v. Illinois*, No. 22-CV-2563-SMY, 2023 WL 6590160, at *1 (S.D. Ill. Sept. 26, 2023); *Page v. Anglin*, No. 13 C 4298, 2013 WL 6050621, at *2 (N.D. Ill. Nov. 15, 2013) (collecting cases). There is no suggestion in the briefing or the record that state action prevented Bailey from filing his petition and Bailey relies on no newly recognized constitutional right in support of his petition, so the limitations period is not supplied by subsections (B) or (C). And, while Bailey filed multiple applications for post-conviction review which could toll the limitations period under § 2244(d)(2), there is no dispute that no post-conviction or collateral review motions were pending from May 8, 2019 to March 9, 2021, a period exceeding the one-year limitations period. Bailey's applications for post-

conviction review after March 9, 2021, do not render his petition timely because "a state proceeding that does not begin until the federal year has expired is irrelevant." *De Jesus v. Acevedo,* 567 F.3d 941, 943 (7th Cir. 2009). So, subsection (d)(2) does not apply, either.

Accordingly, Bailey's petition is untimely under § 2244(d) and is not subject to equitable tolling. Therefore, the Court dismisses Bailey's petition with prejudice. *Pavlovsky v. VanNatta*, 431 F.3d 1063, 1064 (7th Cir. 2005) ("The dismissal of a suit as untimely is a dismissal on the merits, and so should ordinarily be made with prejudice.").

## II.     The Court Will Not Issue a Certificate of Appealability

Bailey requests a certificate of appealability in the event the Court dismisses his petition. (ECF No. 11 at 3–4.) Rule 11(a) of the Rules Governing § 2254 cases requires the Court to determine whether to issue Bailey a certificate of appealability. When a court denies a habeas petition on procedural grounds, a "litigant seeking a COA must demonstrate that a procedural ruling barring relief is itself debatable among jurists of reason." *Buck v. Davis,* 580 U.S. 100, 122 (2017); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." (emphasis added)). Because the Court has no reason to believe a reasonable jurist would debate whether Bailey's petition was timely, it declines to issue a certificate of appealability.

## Conclusion

For the reasons stated above, the Court grants Respondent's motion to dismiss Bailey's petition as untimely [10], dismisses Bailey's petitions [1] [9] with prejudice, and declines to issue a certificate of appealability. Civil case terminated.

SO ORDERED.                                          ENTERED: April 16, 2025

_____

HON. JORGE ALONSO

United States District Judge